# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**ORLANDO MARTREL THOMAS**                                       **PETITIONER**

**VS.**                     **No. 2:20-cv-00060 JM/PSH**

**DWAYNE HENDRIX, Warden,**
**FCI**                                                           **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Orlando Martrel Thomas ("Thomas"), an inmate in the custody of the United States, is housed at Forrest City Medium Federal Correctional Institution. He filed a petition pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief on March 19, 2020. Docket entry no. 2.

**Background:** Thomas pleaded guilty in the Eastern District of Arkansas to conspiracy to distribute cocaine base, and he was sentenced as a career offender to 180

months' imprisonment on June 17, 2011. *See United States v. Thomas*, 4:09CR00348 JMM. On January 17, 2012, Thomas filed a pro se notice of appeal. The Eighth Circuit Court of Appeals summarily affirmed the conviction on February 7, 2012. Docket entry no. 6-3.

On June 16, 2016, Thomas filed a motion with the trial court seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He alleged that the residual clause of United States Sentencing Guideline ("USSG") § 4B1.2 was unconstitutionally vague.[1] Docket entry no. 6-4. The Court denied the motion on grounds that Thomas was not sentenced based on the residual clause of the Armed Career Criminal Act. Rather, Thomas was "sentenced as a career offender under the Guidelines due to two prior qualifying drug convictions." Docket entry no. 6-5. Thomas did not appeal this decision.

**Current claim:** In Thomas' habeas petition, he contends that he is "actually innocent" of being a career offender, claiming that the crime of conspiracy to distribute cocaine base is not a controlled substance offense under USSG § 4B1.2(b). He claims he is entitled to pursue § 2241 relief from this Court, because his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. Docket entry no. 2, page 1. For the reasons stated below, Thomas' petition should be dismissed.

**Analysis**:

Respondent Dwayne Hendrix ("Hendrix") contends that Thomas' habeas

---

[1] The residual clause of the Armed Career Criminal Act was held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

petition should be dismissed for lack of jurisdiction. The Court agrees.[2] To demonstrate that this Court has jurisdiction of his § 2241 petition, Thomas must show that a § 2255 remedy in the sentencing court is inadequate or ineffective. The scope of a petition like the one at bar pursuant to 28 U.S.C. § 2241 is clear:

> Generally, a federal inmate may challenge his ... sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ... A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. *Methany v. Morris*, 307 F.3d 709, 711-712 (8th Cir. 2002).
>
> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez–Lopez,* 590 F.3d at 907 (citing *Abdullah,* 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061–62 (8th Cir.2002), ... The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez–Lopez,* 590 F.3d at 907. The 2255

---

[2]Hendrix also claims that the petition is without merit because Thomas' conviction for conspiracy to distribute cocaine base is, indeed, a controlled substance offense. Accordingly, Hendrix contends that Thomas is not actually innocent of being a career offender. Thomas' argument that he was improperly deemed a career offender is not properly before the Court because it lacks jurisdiction to address such claim.

3

> remedy is not inadequate or ineffective because ... a 2255 petition was time-barred. *Id.*

*See Alexander v. Haynes*, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.) (emphasis in original) (adopting recommended disposition of Deere, J.).

Thomas has not shown that § 2255 relief is inadequate or inefficient, thereby enabling him to raise his current claims in a § 2241 petition before this Court. Consistent with *Alexander v. Haynes, supra,* § 2255 is not a defective remedy for Thomas merely because he has previously been denied relief under its provisions or because he may be pessimistic about another attempt to obtain relief. He simply fails to establish that his claims could not have been asserted in his § 2255 petition or on direct appeal.

The Court recommend s that Thomas' petition be dismissed for the reasons stated herein. The dismissal should be without prejudice, to allow Thomas to pursue § 2255 relief by seeking authorization from the Eighth Circuit Court of Appeals to file a second or successive petition with the trial court. See 28 U.S.C. § 2255(h). The relief requested should be denied, and judgment entered for Hendrix.

IT IS SO RECOMMENDED this 4th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE